IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN, FED. REG. #09779-122, | CIV. NO. 20-00249 JMS-KJM |
| Plaintiff, | DISMISSAL ORDER |
| vs. | |
| FEDERAL BUREAU OF PRISONS, WARDEN ESTELA DERR, | |
| Defendants. | |

**DISMISSAL ORDER**

Pro se Plaintiff Leihinahina Sullivan, formerly housed at the Federal Detention Center Honolulu ("FDC"),[1] alleges claims under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, and the United States Constitution. Specifically, Sullivan alleges that Defendants the Federal Bureau of Prisons ("BOP") and FDC Warden Estela Derr[2] violated her, and "other similarly situated inmates[']," constitutional rights and the APA by stopping "all inmate-attorney visits at FDC on March 17, 2020," and restricting FDC inmates to "only

---

[1] Sullivan is awaiting trial in *United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM (D. Haw.); she was granted pre-trial release on June 17, 2020. *Id.* at ECF No. 934.

[2] Estela Derr is now the Warden of FDC Honolulu and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to change the case name to the caption herein.

90 minutes every other day . . . [to] shower and make phone calls since April 1, 2020," in response to the COVID-19 pandemic. Compl., ECF No. 1 at PageID #1. Sullivan seeks injunctive relief reinstating daily attorney visitation and "hygiene." *Id.*

For the following reasons, Sullivan's Complaint is DISMISSED with prejudice for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all pleadings brought by a prisoner to the federal courts, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The "mere possibility of misconduct" or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **DISCUSSION**

### A. **Sullivan May Not Represent Others**

Sullivan brings this suit "On Behalf of Herself and Others Similarly Situated Inmates Detained At The Honolulu Federal Detention Center," suggesting she seeks to represent a class of FDC or BOP inmates.  Compl., ECF No. 1 at PageID #1.  Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and

3

other documents on behalf of others. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (reiterating that a non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). To the extent Sullivan asserts claims on behalf of other FDC or BOP inmates, those claims are DISMISSED.

**B.     Sullivan's Claims for Injunctive Relief are Moot**

Sullivan seeks only injunctive relief from the BOP and FDC Warden Derr in her official capacity. Generally, an inmate's release from prison renders claims for injunctive and declaratory relief relating to prison conditions moot (unless the suit has been certified as a class action) because the inmate would no longer benefit from having the injunction issued. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). There are two exceptions to this doctrine. First, a *transferred* prisoner's request for injunctive relief is not moot if the policy under which the alleged violation occurred is "system wide" and one of the defendants is in charge of the policy. *Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015). Sullivan has not been transferred to another BOP facility; she has been released from FDC pending

her trials, which are scheduled in November 2020 (Counts 59-60), and April 2021 (Counts 1-58).  *See* Cr. No. 17-00104 JMS-KJM, ECF No. 957.

Second, a request for an injunction is not moot if the challenged action is "too short to be fully litigated prior to its cessation or expiration," and "there is a reasonable expectation that the same complaining party will be subjected to the same action again."  *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)) (other citation omitted).  The mere possibility that a prisoner will be sent back to a particular prison is "too speculative to rise to the level of reasonable expectation or demonstrated probability."  *Id.*  Here, because the FDC's policies limiting attorney-prisoner visits and out-of-cell hours are dependent upon the continued course of the COVID-19 pandemic, it is impossible to predict how long those policies will remain in place.  Until there is a vaccine or definitive treatment for the COVID-19 virus, however, this does not appear to be a short-lived restriction.  At this time, it is unknown if Sullivan will be convicted (or if she would be returned to FDC even if she is convicted).  And although she could be reincarcerated if she violates the conditions of her pre-trial release, such an event is largely within Sullivan's control and is therefore, purely speculative.  *See Reimers v. Oregon*, 863 F.2d 630, 632 & n.4 (9th Cir. 1988) (finding no

reasonable expectation that released inmate would return to prison because such event would occur only if the former inmate committed an additional criminal act); *Spears v. El Dorado Cty. Sheriff's Dep't*, 2019 WL 1043105, at *3 (E.D. Cal. Mar. 5, 2019), *report and recommendation adopted*, 2019 WL 2491314 (E.D. Cal. June 14, 2019) (finding injunctive relief claim moot because there was no indication in the pleading that plaintiff would be returned to the facility where he was held as pretrial detainee).

Neither exception to the mootness doctrine applies here, thus Sullivan's claims for injunctive relief are DISMISSED as moot.

And because Plaintiff cannot assert claims on behalf of others and her claims for injunctive relief are moot, amendment would be futile. Thus, Plaintiff's claims are DISMISSED without leave to amend. This dismissal, however, is without prejudice to filing a new lawsuit and without requiring a new filing fee if Plaintiff is returned to FDC and is subject to the same policies alleged in the instant complaint.

///

///

///

///

### III.  CONCLUSION

Sullivan's Complaint is DISMISSED without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 13, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Sullivan v. Fed'l Bureau of Prisons*, 1:20 cv 00249 JMS KJM; scrng '20 (APA 6thAm. lack counsel, out of cell time due COVID 19)